## Guerrieri's Appeal

*E. J. McDaniel,* for applicant.

*Andrew G. Uncapher,* for Liquor Control Board.

MORROW, J., March 21, 1945.—This is an appeal from the refusal of the Liquor Control Board to transfer a restaurant liquor license. The request was not to transfer the location of the licensed restaurant. The propriety of this place having a restaurant liquor

license has been adjudicated. It is located in the Pala Building at Fairbank in this county. The application is to transfer the license from Gabriele DiCarlo and Eliseo Federici to Esther Guerrieri. No remonstrance was filed objecting to the transfer. No question has been raised as to the moral character of Esther Guerrieri. The real question involved appears in the testimony of George I. Roberts, an officer of the Pennsylvania Liquor Control Board, the only witness called on behalf of the board. We quote from his testimony:

"Q. Mr. Roberts, as far as Mrs. Guerrieri is concerned you have no complaint as to her character; the only thing that you are complaining of is that she possibly is a front for her husband and that she herself has no funds with which to enter into this business or this purchase.

"A. That is true, sir."

It becomes pertinent to consider the competent testimony bearing upon this question. Mrs. Guerrieri testifies that she was to pay $6,000 for the business. She says that she has put up $4,000 in cash and is securing the other $2,000 by mortgaging property owned by her. In addition she says that she has about $1,100 on a checking account in the bank at New Salem and has about $400 in cash at home. She further testifies that her husband will not have any interest in or control of this business. She does say that she has owned a pool room at Republic since May 1943, and that she will turn it over to her husband.

The testimony indicates a clear understanding that if the license is transferred to Mrs. Guerrieri she will be subject to the rules and regulations of the board, her business subject to inspection by its agents, and that if there should be any violation of the rules and regulations or should her husband have anything to do with the operation of the business, the board can take action to have the license suspended or revoked. Under all the testimony we are inclined to the opinion that

the transfer should be granted. The testimony is quite different from that in the case at no. 11, March sessions, 1942, of this court, mentioned by counsel for the board, where the refusal to grant a new license was sustained on appeal by the applicant. See rather Appeal of Gerald McDermott From Order of Penna. Liquor Control Board, 42 Lack. Jur. 207. The reasons assigned in that case for the refusal to make the transfer were:

"1. The applicant furnished representatives of the board with contradictory information regarding his financial status.

"2. The applicant is not financially responsible in his own right."

It appeared that the applicant had more than $1,200 in cash available to him. The last two paragraphs of the syllabus read:

"In addition to the money which the applicant had on deposit in bank, the fact that he was able to pay for the license and such beverages as he required and also for his bond, indicated substantial financial standing.

"The Liquor Control Board has no legal right to set up a standard of financial responsibility not required by statute."

We will make an order similar to the order made in that case.

### Order

Now, March 21, 1945, the appeal of Esther Guerrieri from the refusal of the Pennsylvania Liquor Control Board to transfer restaurant liquor license from Gabriele DiCarlo and Eliseo Federici for the restaurant in the Pala Building at Fairbank, Fayette County, Pa., is sustained, and the Pennsylvania Liquor Control Board is directed to make transfer of the said restaurant license to Esther Guerrieri, the appellant herein, as requested; the costs of this proceeding to be paid by appellant.